[Docket Nos. 1, 1-1]

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY CAMDEN VICINAGE

| | |
|---|---|
| CASSANDRA WAITERS, CYLE BURNETT, VICKIE BURNETT-WILLIAMS,<br><br>  Plaintiffs,<br><br>  v.<br><br>REPUBLIC BANK, CHERRY HILL POLICE DEPARTMENT,<br><br>  Defendants. | Civil No. 24-5728 (RMB-MJS)<br><br>**OPINION** |

**RENÉE MARIE BUMB, Chief United States District Judge**

**THIS MATTER** comes before the Court upon the filing of a Complaint and application to proceed *in forma pauperis* ("**IFP**") by *pro se* plaintiff Cassandra Waiters. The IFP application establishes Ms. Waiters' financial eligibility to proceed without prepayment of the filing fee and will be granted. Her co-plaintiffs, Cyle Burnett, and Vickie Burnet-Williams (together with Ms. Waiters, "**Plaintiffs**") did not complete their own IFP applications. They must do so for the Court to determine whether each of the Plaintiffs are economically eligible to proceed on an IFP basis. *Johnson v. Camden Cnty. Warden*, 2023 WL 2238110, at *1 (D.N.J. Feb. 24, 2023) (under 28 U.S.C. § 1915, "each plaintiff must submit a complete application to proceed *in forma pauperis* if he desires the complaint to be filed on his behalf"); *see also Hickson v. Mauro*, 2011 WL 6001088, at *1 (D.N.J. Nov. 30, 2011) ("Although Section 1915 refers to

'prisoners', federal courts apply Section 1915 to non-prisoner IFP applications."). Accordingly, the Court will administratively terminate Mr. Burnett and Ms. Vickie Burnet-Williams from this case pending receipt of their own IFP applications.[1]

I.  SCREENING FOR DISMISSAL

When a person files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and dismiss claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts, however, must liberally construe pleadings that are filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The legal standard for dismissing a complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556.

---

[1] Because the allegations in the Complaint are the same with respect to each of the three plaintiffs, the Court cautions that submission of IFP applications by Mr. Burnett and Ms. Vickie Burnet-Williams will likely result in the dismissal of theirs claims on the same grounds that the Court articulates below in this Opinion.

*Pro se* complaints are to be "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although *pro se* pleadings are to be liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Owens v. Armstrong*, 171 F.Supp.3d 316, 328 (D.N.J. 2016) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). Thus, *pro se* litigants are not exempt from complying with federal pleading standards. *See Thakar v. Tan*, 372 F.App'x 325, 328 (3d Cir. 2010).

## II.     FACTUAL BACKGROUND

Plaintiffs bring this action against Republic Bank ("**Republic**") and the Cherry Hill Police Department for violations of Title II of the Civil Rights Act of 1964. [Docket No. 1 at 2, 7; Docket No. 1-1.][2] They seek $9 million in damages. [Docket No. 1 at 7; Docket No. 1-1.]

Plaintiffs allege that they were pulled over by two officers of the Cherry Hill Police Department. [Docket No. 1 at 4.] The pulled-over vehicle belongs to Ms. Burnett-Williams who commutes to and from work with Ms. Waiters and Mr. Burnett every day. [*Id.* at 4–5.] The officers informed Plaintiffs that they had received a report from a nearby Cherry Hill branch of Republic—across the street from Ms. Waiters's place of work—regarding a suspicious vehicle matching the description of Ms. Burnett-Williams'. [*Id.*] The officers told Plaintiffs that Republic noticed the vehicle

---

[2] The Court refers to page numbers in the Complaint and Ms. Waiters's IFP application according to the electronically stamped CM/ECF header.

parked in its parking lot for the past few days and expressed concerns about Plaintiffs' planning a bank robbery. [*Id*. at 5.]

Plaintiffs responded to the officers denying that the vehicle had been parked at the bank for the past few days. [*Id*.] They admit, however, that Ms. Waiters has an account at Republic and that, one day before the traffic stop, Ms. Burnett-Williams made a stop at the Cherry Hill branch of Republic during the morning commute so that Ms. Waiters could check her account balance to see if she had sufficient funds to pay Ms. Burnett-Williams for gas. [*Id*. at 5.] Ms. Waiters did not have sufficient funds at that time and asked Ms. Burnett-Williams if she would drive her back to the bank at lunch, assuming that sufficient funds would be available by then. [*Id*.] Ms. Burnett-Williams and Ms. Waiters returned to the bank at lunch time, but Ms. Waiters' funds had not been deposited. [*Id*.] The two women then left the bank. [*Id*.]

The officers informed Plaintiffs at the conclusion of the stop that they were not receiving a ticket or being charged with any crime, but that Plaintiffs were not to return to the Cherry Hill branch of Republic. [*Id*. at 4.] After the stop, Plaintiffs went to the Cherry Hill Police Department to request a copy of the officers' incident report. [*Id*.] They received the incident report weeks later and allege that the report contained several errors including that Plaintiffs repeatedly parked in the Republic lot in the days preceding the traffic stop.

### III.  ANALYSIS

Title II of the Civil Rights Act prevents discrimination by places of public accommodation. It provides that:

4

> "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation [] without discrimination or segregation on the ground of race, color, religion, or national origin."

42 U.S.C. § 2000a; *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241, 245 (1964). A Title II claim requires a plaintiff to demonstrate that she (1) is a member of a protected class; (2) attempted to contract for services and afford herself the full benefits and enjoyment of a public accommodation; (3) was denied the full benefits or enjoyment of a public accommodation; and (4) such services were available to similarly situated persons outside her protected class who received full benefits or were treated better. *Anderson v. J.P. Morgan Chase Bank*, 2024 WL 1363468, at *4 (E.D. Pa. Mar. 29, 2024) (citing *Shumate v. Twin Tier Hosp., LLC*, 655 F. Supp. 2d 521, 537 (M.D. Pa. 2009)). There is no monetary relief available under Title II. The only remedy available under Title II is a civil action for preventive relief, such as an injunction. *See Livingstone v. Hugo Boss Store, Atl. City, NJ*, 2021 WL 3910149, at *5 (D.N.J. Sept. 1, 2021) (citing *Three Rivers Center for Independent Living v. Housing Authority of City*, 382 F.3d 412, 420 (3d Cir. 2004)). Additionally, before bringing a claim under Title II, a plaintiff, pursuant to Section 2000a-3(c), "must first notify [a] state or local government entity authorized to grant relief from the alleged discrimination or to institute criminal proceedings. 42 U.S.C. § 2000a-3(c). No civil action may be brought under Title II before thirty days after written notice of the matter to the appropriate state or local entity." *Livingstone*, 2021 WL 3910149, at *5 (citing 42 U.S.C. § 2000a-3(c)). Compliance with Section 2000a-3(c) is a mandatory jurisdictional prerequisite

and "a Title II plaintiff must demonstrate that he or she has satisfied the notice requirement before a federal court has subject matter jurisdiction to hear the plaintiff's claim." *Livingstone*, 2021 WL 3910149, at *5; *Shulick v. United Airlines*, 2012 WL 315483, at *7 (E.D. Pa. Feb. 2, 2012) (collecting cases).

Ms. Waiters's claim is without merit and must be dismissed. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (permitting court to dismiss claims proceeding *in forma pauperis* where they are "based on an indisputably meritless legal theory"). First, Section 2000a plainly requires that a Title II plaintiff must be a member of a protected class. There are no such allegations here. The Complaint generally alleges discrimination, [*see* Docket No. 1 at 7], but without mention of any protected characteristics of any of Ms. Waiters (her co-plaintiffs for that matter). 42 U.S.C. § 2000a(a) (listing "race, color, religion, or national origin" as protected classes under the statute).

Second, a place of "public accommodation" under Title II is limited to any establishment either affecting interstate commerce or supported by state action that falls into one of the following categories:

> (1) lodging for transient guests located within a building with more than five rooms for rent; (2) a facility principally engaged in selling food for consumption on the premises, including such facilities located within retail establishments and gasoline stations; (3) any place of exhibition or entertainment; (4) any establishment located within an establishment falling into one of the first three categories, and which holds itself out as serving patrons of that establishment; or (5) any establishment that contains a covered establishment, and which holds itself out as serving patrons of that covered establishment.

*Akyar v. TD Bank US Holding Co.*, 2018 WL 4356734, at *5 (S.D.N.Y. Sept. 12, 2018); *see also* 42 U.S.C. § 2000a(b). Title II's list of covered establishments is comprehensive and "excludes from its coverage those categories of establishments not listed." *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 431 (4th Cir. 2006) ("Congress has clearly delineated those entities that fall within Title II's ambit, and [courts] are not at liberty to go beyond what it has plainly enacted."); *Castillo v. Receptionist for Cathy Polcinik*, 2016 WL 4124057, at *3 (E.D. Pa. Aug. 3, 2016) (similar). Banks are not enumerated establishments qualifying as public accommodations under the plain text of Title II. *See Jarvis v. Wells Fargo Bank, N.A.*, 2022 WL 1663568, at *3 (D. Md. May 25, 2022) (banks are not places of public accommodation within Title II's ambit); *Pullins v. Bank*, 2020 WL 1450560, at *4 (M.D. La. Mar. 25, 2020); *Akyar v. TD Bank US Holding Co.*, No. 18-CV-379 (VSB), 2018 WL 4356734, at *5 (S.D.N.Y. Sept. 12, 2018) (collecting cases). Therefore, Ms. Waiters cannot show that she was denied the full benefits or enjoyment of a public accommodation because a bank is not a public accommodation under Title II.

Third, even if banks were places of public accommodation, Ms. Waiters has not pleaded compliance with Title II's thirty-day state notice requirement. 42 U.S.C. § 2000a-3(c). Section 2000a-3(c)'s notice requirement applies here because she alleges Title II discrimination in New Jersey, a state which has an established government entity to address claims of discrimination. *See Livingstone*, 2021 WL 3910149, at *6. Without providing such notice as outlined in the statute, the Court is without jurisdiction to consider her Title II claim.

Finally, Ms. Waiters's Title II claim fails based on the monetary relief sought. *Scott v. Police & Fire Fed. Credit Union*, 2022 WL 17547279, at *3 (D.N.J. Dec. 9, 2022) (dismissing *pro se* plaintiff's Title II claim with prejudice for seeking compensatory damages); *Livingstone*, 2021 WL 3910149, at *6 (same). As explained above, a Title II plaintiff cannot seek damages under Title II other than for attorney's fees. *See Livingstone*, 2021 WL 3910149, at *5 (citing *Newman,* 390 U.S. at 400); 42 U.S.C. § 2000a-3. The exclusive means of redress under Title II is non-monetary injunctive relief. *Id*. The complaint's demand for a whopping $9 million in damages for emotional distress, humiliation, and feelings of anxiety and shame is foreclosed by Title II. *Scott*, 2022 WL 17547279, at *3 ("Dismissal of Plaintiff's Complaint is warranted because it asserts a theory of recovery that is not just implausible, but indeed impossible under Title II.").

Dismissal of the sole Title II count as to Ms. Waiters will be with prejudice. Because banks are not places of public accommodation under Title II, amendment of her claim would be futile. *Scott*, 2022 WL 17547279, at *3 (dismissal of *pro se* Title II count was with prejudice because further amendment would be futile); *Livingston*, 2021 WL 3910149, at *6 (same).

## IV. CONCLUSION

For the reasons stated above, the Court will **GRANT** Ms. Waiters' IFP application, and the Complaint is **DISMISSED WITH PREJUDICE** as to Ms. Waiters. The Court will **ADMINISTRATIVELY TERMINATE** Mr. Burnett and

Ms. Burnet-Williams from this action pending receipt of their applications to proceed IFP. An appropriate Order follows.

| | |
|---|---|
| **May 2, 2024** | **s/Renée Marie Bumb** |
| Date | RENÉE MARIE BUMB |
| | Chief United States District Judge |